UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEILANI JASINSKI DEMINT, et al.,

    Plaintiffs,

vs.

NATIONSBANK CORPORATION, et al.,

    Defendants.
_____/

Consolidated
Civil Action Nos.:
94-995-CIV-T-23E
94-2094-CIV-T-23B

## MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUNDS AND OTHER RELIEF

Plaintiffs, by their undersigned counsel, and upon the Affidavit of Stephen T. Rodd in Support of the Motion For An Order Authorizing Distribution of Class Settlement Funds and Other Relief and upon the Affidavit of Daisy Sonalan of the Garden City Group, Inc., the claims administrator, and upon all prior proceedings in this Action, including the Stipulation and Agreement of Compromise and Settlement dated August 1, 1997 and the Court's Order and Final Judgment dated February 17, 1998, move this Court for an Order:[1]

    (i) approving the administrative determination of The Garden City Group, Inc. ("GCG") accepting and rejecting claims filed pursuant to the Stipulation of

---

[1] Capitalized terms used herein and not otherwise defined have the same meaning given to them in the Stipulation and Agreement of Compromise and Settlement.

Settlement in the Action and approving the determination of plaintiffs' counsel to accept five (5) contested claims; (ii) approving the accounting through June 30, 2000, of the receipts to and disbursements from the Settlement Fund; (iii) directing the distribution of the Net Settlement Fund, after retention of a reserve for payment of final taxes, if any, to the Authorized Claimants, as calculated pursuant to the formula set forth in the Stipulation; (iv) appointing GCG to act on behalf of the Settlement Fund in filing final tax returns and communicating with tax authorities; (v) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; (vi) for such other and further relief as this Court deems appropriate. No additional attorney's fees or expenses are requested.

A proposed form of Order granting the relief requested in this motion is annexed hereto as Exhibit A.

---
Jonathan L. Alpert
Florida Bar No. 121970
ALPERT, BARKER, RODEMS,
FERRENTINO & COOK, P.A.
First Union Center, Suite 2000
100 South Ashley Drive
Tampa, Florida 33602
(813) 223-4131

Arthur N. Abbey
Stephen T. Rodd
ABBEY, GARDY & SQUITIERI, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700

Martin D. Chitwood
CHITWOOD & HARLEY
2900 Promenade Two
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 873-3900

W. Pitts Carr
CARR TABB & POPE
1355 Peachtree Street
Suite 2000
Atlanta, Georgia 30309
(404) 876-7790

John Halebian
WECHSLER HARWOOD HALEBIAN
& FEFFER, LLP
488 Madison Avenue, 8th Floor
New York, New York 10022
(212) 935-7400

Stephen T. Gannon
LeCLAIR RYAN, P.C.
707 East Main Street
11th Floor
Richmond, Virginia 23219
(804) 783-2003

s:/winword/mary/nations/classmot/8/31/2000 2:34 PM/mg.

3

## CERTIFICATE OF SERVICE

The foregoing Motion with Affidavits and Exhibits has been furnished by Federal Express, Tuesday delivery, to John M. Newman, Jr., Esquire, of Jones, Day, Reavis & Pogue, North Port, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attorneys for the Defendant, and, further, pursuant to Exhibit 2 of the Affidavit of Stephen T. Rodd, attached to and by reference incorporated in this Motion, notice is being furnished by counsel simultaneously herewith via United States Mail, First Class, to those Claimants whose claim has been rejected pursuant to paragraph 11 of the Affidavit of Stephen T. Rodd at page 7 of the said Affidavit.

DATED this 1st day of September, 2000.

Jonathan L. Alpert, Esquire
Florida Bar No. 121970
Alpert, Barker, Rodems,
Ferrentino & Cook, P.A.
Post Office Box 3270
Tampa, Florida 33601-3270
Telephone: 813/223-4131
Facsimile: 813/228-9612
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEILANI JASINSKI DEMINT, et al.,

    Plaintiffs,

vs.

NATIONSBANK CORPORATION, et al.,

    Defendants.

_____/

Consolidated
Civil Action Nos.:
94-995-CIV-T-23E
94-2094-CIV-T-23B

## (PROPOSED) ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUNDS AND OTHER RELIEF

WHEREAS, on February 17, 1998 this Court entered an Order and Final Judgement approving the terms of the Stipulation And Agreement Of Compromise And Settlement ("Stipulation of Settlement"), dated August 1, 1997, in the above-referenced class action; and

WHEREAS, this Court has directed the parties to consummate the terms of the Stipulation; and

WHEREAS, this Court has retained jurisdiction of over the Parties and the Class Member for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and Order and Final Judgment, and including distributing of the settlement proceeds to the members of the Class.

NOW, THEREFORE, having considered the Affidavit of Stephen T. Rodd, Esq. of Abbey, Gardy & Squitieri, LLP, and the Affidavit of Daisy Sonalan of The Garden City Group, Inc., the Claims Administrator, it is hereby

ORDERED, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Daisy Sonalan, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Daisy Sonalon are hereby approved, and said claims are hereby rejected; except as to contested claims numbered 458541, 525929, 771378, 1000005 and 1000006, which are accepted; and it is further

ORDERED, that the Net Settlement Fund shall be distributed within fourteen (14) days to those claimants whose claims have been accepted in accordance with the Plan of Allocation and whose distribution is more than $3.00. Those claimants whose distributions are less than $3.00 shall be advised by letter that their claim was received and processed but resulted in a de minimis loss. The Claims Administrator shall reserve funds sufficient to pay additional taxes due and is authorized to communicate with tax authorities on behalf of the Settlement Fund and to cause all necessary tax returns to be filed; and it is further

ORDERED, that the checks for distribution to the authorized claimants shall bear the notation "CASH PROMPTLY, VOID 180 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that, after one year after the initial distribution of the Net Settlement Fund to authorized claimants or six months after any distribution check has been reissued and after appropriate efforts have been made to have the authorized claimants cash their checks, Plaintiffs' counsel are authorized to distribute any funds remaining by reason of returned or unpaid check or otherwise, with such remainder to be allocated to accepted class members who have cashed their checks on a pro rata basis, subject to a minimum payout of $3.00; if such distribution is impracticable, plaintiffs' counsel shall apply to the Court for a determination concerning the disposition of unclaimed funds, and it is further

ORDERED, that all persons involved in the review verification, calculation, tabulation, or any other aspect of the processing of the claims filed herein, or otherwise involved in the administration of the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

ORDERED, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that the accounting of the receipts to and disbursements from the Settlement Fund through June 30, 2000, is approved; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

ORDERED, that no claim received by GCG after June 30, 2000, may be accepted for any reason whatsoever.

Dated: October ___, 2000

                                                                Judge Steven D. Merryday
                                                                United States District Court

s:/winword/mary/nations/classord.doc/8/31/2000 2:30 PM/mg.