UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
00 SEP -1 AM 11: 48

MIDDLE ... FLORIDA
TAMPA, FLORIDA

LEILANI JASINSKI DEMINT, et al.,

Plaintiffs,

vs.

NATIONSBANK CORPORATION, et al.,

Defendants.
_____ /

Consolidated
Civil Action Nos.:
94-995-CIV-T-23E
94-2094-CIV-T-23B

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NEW YORK     )

## AFFIDAVIT OF STEPHEN T. RODD IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUNDS AND OTHER RELIEF

STEPHEN T. RODD, being duly sworn, deposes and says:

1. I am a member of the firm of Abbey, Gardy & Squitieri, LLP, one of the Co-Lead Counsel for the Class in this Action. I submit this affidavit in support of Plaintiffs' Motion For An Order Authorizing Distribution of Class Settlement Funds and Other Relief.

2. Pursuant to an Order of this court by the Honorable Steven D. Merryday, dated October 1, 1997, this Action was conditionally certified to proceed as a class action pursuant to Rule 23 for the settlement purposes described herein. The Class

was defined as consisting of all persons, who, during August 25, 1991 to June 12, 1996, purchased a Non-depository Investment security by or through NationsBanc Investments, Inc., f/k/a NationsBanc Discount Brokerage, Inc., f/k/a NationsBanc Securities, Inc., NationsBanc Securities of Georgia, Inc. (as and when affiliated with NationsBank Corporation) or NationsSecurities or by any successor of them. All such persons are hereinafter referred to as the "Class Members" or the "Class"). The class excludes the described entities and current officers, directors and managerial employees of the defendants.

      3.      Under the terms of the Stipulation and Agreement of Compromise And Settlement dated August 1, 1997 ("Stipulation"), a twenty-nine million dollar ($29,000,000) Cash Settlement Fund was established in March 1998 for settlement of the class claims asserted against the defendants. After payments of attorneys' fees and expenses awarded by the Court, taxes and bank fees, the Settlement Fund has continued to be invested in an interest bearing money market account or U.S. Treasury bills during the course of the claims administration. The total Settlement Fund including interest earned on the fund, is presently approximately $26 million. Details of the Settlement Fund receipts and disbursements are set forth below at paragraph 13.

      4.      Pursuant to this Court's Final Order and Judgment entered on or about February 17, 1998, which approved the terms of the Stipulation; Order Approving Plan of the Allocation entered on or about February 17, 1998; and Order Approving Attorneys' Fees and Expenses entered on or about March 24, 1998, the Settlement Fund, after deduction of

the attorneys' fees and expenses, as awarded by the Court, (the "Net Settlement Fund") is to be distributed to each Class member who has filed a timely and valid proof of claim ("Authorized Claimant").

    5. Under the terms of the Stipulation a formula was set forth to determine the existence and amount of any "Recognized Loss." The Stipulation also set forth the Plan of Allocation for the distribution of proceeds of the Net Settlement Fund. Pursuant to this Court's order dated February 17, 1998, the Plan of Allocation was approved. This Court has reserved jurisdiction with respect to the administration and distribution of the Net Settlement Fund.

    6. Plaintiffs' Lead Counsel , with the concurrence of defendants, retained The Garden City Group, Inc. ("GCG") to act as the Claims Administrator and to process the Proofs of Claim filed and to assist in the distribution of the Net Settlement Fund. The Claims Administrator was charged with determining all persons who are Authorized Claimants, the amount of each Authorized Claimant's loss and the amount to be distributed to all Authorized Claimants (the "Net Recognized Loss"). The processing procedures and the basis of the distribution are described in the affidavit of Daisy Sonalan and exhibits thereto (the "Sonalan Affidavit") , submitted herewith. As shown in the Sonalan Affidavit, GCG performed a thorough review of each claim filed, and plaintiffs respectfully request that this Court enter an Order approving the determinations of GCG accepting and rejecting the claims filed herein, except as to those contested claims that plaintiffs' counsel have determined to accept, as described in greater detail below.

3

7.  A total of 18,578 claims were processed and a total of 7,198 were accepted, including late-filed claims that were otherwise eligible. Annexed as Exhibit C to the Sonalan Affidavit is a List of Eligible Claimants whose claims were found to be acceptable (once deficient conditions were cured), without regard to timeliness. The list is sorted alphabetically, showing the claim number, the claimant's Recognized Loss, name, city, state and zip code.

8.  Of the 18,578 claims processed, a total of 11,380 were rejected for the following reasons:

    (a) 2,123 filed deficient claim forms and failed to cure the deficiency after notice and an opportunity to cure;

    (b) 1,046 filed claim forms which were duplicative of previously filed claim forms;

    (c) 1,804 filed claim forms for transactions which do not fit within the definition of the class approved by the Court;

    (d) 6,407 filed claim forms having no loss when calculated in accordance with the Plan of Allocation.

9.  Of the 18,578 claims processed, a total of 421 were postmarked later than the May 8, 1998 filing deadline. Of the 421 late claims 173 claims which were otherwise eligible were accepted and 248 claims were rejected on grounds other than lateness. These 248 rejected claims are included in the totals set forth in paragraph 8 above. After final notice of rejection was provided, twenty-eight (28) claims contested the rejection and requested further hearing.

10. Plaintiffs' counsel recommends and requests that no claim be rejected only because it was received after the filing deadline and we believe no delay has resulted from these claims. In addition, considerable time was needed to process the volume of timely filed claims. As such, it is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was filed after the cut-off date. Accordingly, it is respectfully requested that the Court approve the determination not to reject because of lateness claims filed after the May 8, 1998 deadline and recommended for inclusion by GCG. It is further requested that the Court approve June 30, 2000, as the date where no further claims will be accepted and processed by GCG.

11. Plaintiffs counsel have reviewed the twenty-eight (28) contested rejected claims and recommend that twenty-three (23) of these rejections be affirmed by the Court and five (5) be accepted as valid claims. The five contested claims which have been accepted after review by plaintiffs' counsel, and with the concurrence of defendant NationsBank, are the following:

| Claim No. 458541 | Christ Angelopulos<br>616 S. Rappolla St<br>Baltimore, MD 21224 |
|---|---|
| Claim No. 525929 | Bill Hinson and<br>Iva M Hinson, JT TEN<br>5331 Celcus Dr<br>Holiday, FL 34690-6640 |

  Claim No. 771378   Dean Witter Reynolds Cust For
               R Mitchell Hogge
               IRA Rollover dated 9/16/96
               501 Surfside Drive
               Edenton, NC 27932-9270

  Claim No. 1000005   Jawdat R. Haddad
               201 Wilcrest
               Apt. 903
               Houston, TX 77042

  Claim No. 1000006   Amal Rassam
               201 Wilcrest #1903
               Houston, TX 77042

Each of the transactions rejected in these claims appeared to have been carried out through an entity that was not included among the entities listed in the Settlement as being related to NationsBank or NationSecurities. However, upon further review it was determined either that the transaction was carried out by or through a NationsBank or NationsSecurities facility, agent or representative and that the circumstances of the transaction were the same as those intended to be addressed by the Settlement. Therefore, it is recommended that these claims be accepted. The inclusion of these claims will have a _de minimis_ effect on the recovery of other claimants. The Recognized Losses of these claimants total approximately $33,228.00. The remaining contested claims have been reviewed by plaintiffs' counsel with the assistance of GCG. These claims were rejected for several reasons, including the following: claims resulting in no recognized loss after accounting for all relevant transactions, including receipt of dividends, interest, implied interest and sales proceeds as required under the plan set forth in the Stipulation of

6

Settlement; transactions which took place outside the class period; and transactions through non-NationsBank related entities. A list of the rejected contested claims and the reason for rejection is annexed hereto as Exhibit 1. Each of the claimants contesting these claims has been served by First Class mail with a copy of the Motion and this affidavit, as well as notice that they may submit to the Court proof in support of their claim on or before October 6, 2000, in substantially the form annexed hereto as Exhibit 2.

12. It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth in the Sonalan Affidavit and as set forth herein. It is also requested that the approximately 236 otherwise eligible claims which have resulted in an allocated distribution of less than $3.00 not be included in the distribution, and that such claimants receive a notice to that effect. Based on the calculations of the claims administrator, eligible claimants who submitted claims for transactions involving mutual funds covered by the settlement will receive 100% of their Recognized Losses and eligible claimants who submitted claims for transactions involving covered securities other than mutual funds will receive approximately 97% of their Recognized Losses.

13. The total amount of Settlement Funds received by Plaintiffs' Counsel on August 3, 1998, representing the Settlement amount of $29 million and interest earned thereon prior to transfer of the funds by defendants was $31,715,025.76. After adding additional interest earned of $211,206.63 and subtracting disbursements of attorneys' fees and expenses of $7,336,806.78 and tax payments of $230,000.00, a net amount of $24,359,425.61 was transferred to a NationsBank Settlement Account at

7

Morgan Guaranty Trust Co., New York, New York, on September 25, 1998. Through June 30, 2000, this amount earned interest totalling $2,302,669.72 and taxes and estimated taxes were paid through that date in the amount of $755,000.00. After payment of bank safekeeping fees of $6,242.17, the total Settlement Fund as of June 30, 2000, was $25,900,853.16. This amount, plus interest earned to the time of transfer of funds to a distribution account, less an amount reserved for payment of taxes, will be available for distribution to eligible claimants pursuant to the Plan of Allocation.

      14.    In order to allow the final distribution of the Net Settlement Fund, it is necessary to bar any further claims and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed herein, or otherwise involved in the administration of the Net Settlement Fund be released and discharged from any and all liability arising out of such involvement.

      15.    It may be expected that not all of the checks to be distributed to accepted class members will be cashed promptly. In order to encourage class members to promptly cash their checks and to avoid or reduce further expenses relating to unpaid checks, we propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID 180 DAYS AFTER ISSUE DATE." We submit that Plaintiff's Counsel and the Claims Administrator should be authorized to take appropriate action to locate and or contact any authorized claimant who has not cashed his, her or its check after this 180 day period. We further submit that one year after the initial distribution of the Net Settlement Fund to class members whose proofs of claim have been accepted, and after appropriate

efforts have been made to locate and distribute funds to accepted claimants who do not cash their distribution checks, any remaining unclaimed/uncashed monies in the Net Settlement Fund should be re-distributed and reallocated to Authorized Claimants who have cashed their checks, on a pro rata basis, unless such amount is so small as to make such redistribution impractical. In this case, plaintiffs' counsel will make application to the Court requesting a determination as to the disposition of the unclaimed funds.

16. It is respectfully requested that this court appoint GCG as the responsible person to act on behalf of the Settlement Fund in filing tax returns and generally dealing with the Internal Revenue Service and other taxing authorities.

17. It is respectfully requested that the Court enter an Order approving the accounting, as set forth in paragraph 13 above, of the receipts and disbursements of the Settlement Fund.

18. It is respectfully requested that the Court enter an Order authorizing distribution of the balance of the Net Settlement Fund, after the deduction of any taxes

which may be due, to the class members whose claims have been accepted as listed on the computer printout of accepted claims submitted with the Sonalan Affidavit.

_____
STEPHEN T. RODD

Sworn to before me this
31st day of August, 2000

_____
Notary Public

MARY GRIFFITH
Notary Public, State of New York
No. 01GR6035824
Qualified in New York County
Commission Expires 01/09/2002

s:/winword/mary/nations/straffi.doc/8/31/2000 2:21 PM/mg.

10

## DEMINT V. NATIONSBANK

## CONTESTED CLAIMS REJECTED

| Claim No. | Name/Address | Reason for Rejection |
|---|---|---|
| 727603 | Christ Angelopulos<br>616 Rappolla St.<br>Baltimore, MD 21224 | No Recognized Loss |
| 513371 | Hazel Bratcher, Decd<br>And Peggy Brockett<br>3105 Ash Lane<br>Temple, TX 76502-0056 | No Recognized Loss |
| 442270 | John P. Burch, Jr.<br>2756 NE 35th Street<br>Fort Lauderdale, FL 33306-1524 | No Recognized Loss |
| 545302 | Irvin L. Cauthen and<br>Jorene J. Cauthen Jt Ten<br>1805 Lindale Road<br>Anderson, SC 29621-3809 | No Recognized Loss |
| 233051 | Penny A. Dipaolo<br>404 Dorado Court<br>High Point, NC 27215-8101 | No Recognized Loss |
| 520074 | Margot E. Elisius<br>1430 Palmer Lane<br>Palm Harbor, FL 34685-1818 | No Recognized Loss |
| 1000604 | John J. Fasy<br>6623 Ilex Circle "C"<br>Naples, FL 34109 | Did not purchase through NationsBank or NationsSecurities |
| 137055 | Wallace A & Barbara Groover and<br>Gregory Groover & Diana Dandois JTT<br>4710 Bay St. NE<br>Bldg 200 Unit 212<br>St. Petersburg, FL 33703-4010 | No Recognized Loss |
| 124044 | Gorman R & Frances E. Hawkins<br>& Mark & Rick Hawkins Jtten<br>1101 NW Summercrest Blvd.<br>Burleson, TX 76028-7340 | No Recognized Loss |

**EXHIBIT 1**

| Claim No. | Name/Address | Reason for Rejection |
|---|---|---|
| 437835 | Dean Witter Reynolds Cust For<br>Joan Haws<br>IRA Rollover Dated 06/14/93<br>108 Long Shoals Circle NE<br>Eatonton, GA 31024-5205 | No Recognized Loss |
| 36892 | Craig Hayes<br>980 Eulalia Rd.<br>Atlanta, GA 30319-1307 | No Recognized Loss |
| 41807 | Herbert B. Hays and<br>H. Craig Hayes Jtten<br>980 Eulalia Rd<br>Atlanta, GA 30319-1307 | No Recognized Loss |
| 52149 | Frank William Jones and<br>Barbara Jones Jtten<br>PO Box 187<br>Ellenron, FL 34222 | No Recognized Loss |
| 1985 | Morris M. Kaplan<br>4902 Leyburn Ct #201<br>Richmond, VA 23228-4849 | No Recognized Loss<br>Some purchases pre-class period |
| 223666 | AG Edwards & Sons, Inc.,<br>Cust for Jean S. Limoli<br>16131 Westbay Drive Unit 163<br>Jupiter, FL 33477 | No Recognized Loss |
| 100475 | Amada A. Ortegon<br>5330 Lacresenta<br>San Antonio, TX 78228-4421 | No Recognized Loss |
| 878137 | Dean Witter Reynolds<br>Cust For Faye V. Sapp<br>IRA Standard Dated 06/14/93<br>5140 37th Way South<br>St. Petersburg, FL 33711-4820 | No Recognized Loss |
| 878281 | Dean Witter Reynolds<br>Customer for William A. Sapp<br>IRA Rollover Dated<br>06/14/93<br>5140 37th Way South<br>St. Petersbugh, FL 33711-4820 | No Recognized Loss |

2

| Claim No. | Name/Address | Reason for Rejection |
|---|---|---|
| 550723 | Ernest C. Spicer and<br>Martha K. Spicer Jt Ten<br>P.O. Box 892<br>Spring Lake, NC 28390-0982 | No Recognized Loss |
| 38175 | Nationsbank of Georgia NA<br>Cust<br>Cheryl L S Teronde IRA<br>PO Box 1211<br>Jonesboro, GA 30236 | Purchased Pre-Class Period |
| 553024 | John W. Verdi &<br>Donna C. Abbott<br>1419 Waterside Drive<br>Dallas, TX 75218-4477 | No Recognized Loss |
| 573463 | Roland H. Watson and<br>Carolyn S. Watson Jt Ten<br>RR1 Box 152<br>Macon, NC 27551 | No Recognized Loss |
| 874592 | Dean Witter Reynolds Cust For<br>Howard W. Wolfgram<br>IRA Std/Rollover DTD 06/27/96<br>616 Brown Road<br>Venice, FL 34293-6403 | Purchases Not Within Class Period |

s:/winword/mary/nations/demintv.doc/8/31/2000 2:14 PM/mg.

3

## IMPORTANT NOTICE
### Concerning Your NationsBank Litigation Claim Rejection

Dear Claimant:

Your claim was rejected by the claims administrator because,[ after taking into account all relevant purchases and sales, the value of your securities at October 21, 1996, as well as dividends and/or interest received and interest which might have been received on purchase amounts and sales proceeds, you had no Recognized Loss under the allocation plan of the settlement.] [your purchase of securities occurred outside the class period from August 25, 1991 through June 25, 1996][You did not purchase your securities through NationsBank or NationsSecurities].  You were sent a notice of rejection and have contested that rejection. Counsel for the class have reviewed any materials you submitted in support of your contest of the rejection and the documentation of the claims administrator supporting the rejection.

The rejection appears to be correct based on the information in your file.

A motion has been made to the United States District Court for the Middle District of Florida for an order confirming the determinations of the claims administrator, including the rejection of your claim, and approving the distribution of the net settlement fund to eligible claimants.

IF YOU WISH TO FURTHER CONTEST THE REJECTION OF YOUR CLAIM, YOU MUST SUBMIT A REQUEST FOR REVIEW BY THE COURT AND ALL SUPPORTING PROOF OF YOUR CLAIM, SO THAT IT IS RECEIVED BY **OCTOBER 6, 2000**, TO

> Clerk of the United States District Court
> Middle District of Florida
> Tampa Division
> Sam M. Gibbons Courthouse
> 801 North Florida Avenue
> Tampa, Florida 33602
> 813-301-5400

You must state clearly on your request for review that it relates to DeMint v. NationsBank, 94-995-CIV-T-23E, Judge Steven D. Merryday. Please send a copy of your submission to Co-Lead Counsel for the Class at the address listed below.

Enclosed herewith is a copy of your claim form and, if relevant, the schedules showing the calculations resulting in the determination that you suffered no Recognized Loss. Should you have any questions concerning this notice please contact Stephen T. Rodd, Abbey, Gardy & Squitieri, LLP, Co-lead Counsel for the Class, 212 East 39th Street, New York, NY 10016, 212-889-3700.

## EXHIBIT 2