UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LEILANI JASINSKI DEMINT, et al., <br><br> Plaintiffs, <br> vs. <br><br> NATIONSBANK CORPORATION, et al. <br><br> Defendants. | Case Nos.  8: 94-995 CIV-T-23E <br> 8: 94-2094 CIV-T 23B <br> (Judge Merryday) <br><br> Consolidated |

UNOPPOSED MOTION AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT OF UNOPPOSED MOTION BY PLAINTIFFS AND THE CLASS TO REOPEN CASE AND FOR FINAL DISTRIBUTION OF THE NET SETTLEMENT FUND, PAYMENT OF UNREIMBURSED FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR, APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS AND TERMINATION OF THE ACTION

Abbey Spanier, LLP ("Abbey Spanier"), as lead counsel for the Class, upon the prior record herein, its memorandum in support of this motion, the Affidavit of Arthur N. Abbey dated March 24, 2014, and the Declaration of Stephen J. Cirami dated March 21, 2014, filed herewith, and undersigned counsel hereby certifying that they have conferred with counsel for Defendants who has confirmed that Defendants do not oppose the motion, hereby moves on behalf of Plaintiffs and the Class for an Order:

(1) Reopening this action for, subject to the Court's approval and direction, the purposes described herein below;

1

(2) Providing for final distribution of the remaining Settlement Fund and terminating the action;

(3) Awarding attorneys' fees to Abbey Spanier from the remaining Settlement Fund in the amount of $35,000 for unpaid legal services and related expenses performed for the benefit of the class members in the period following the approval of the Settlement;

(4) Approving payment to the claims administrator, Garden City Group, in the amount of $9,028.30, for its fees and expenses for work to be done in completing the final distributions from the Settlement Fund requested herein and in winding down the Settlement Fund;

(5) Approving a final distribution of the remaining balance of the Settlement Fund, after any provisions for the payments requested in (1) and (2) above, to eligible BankAmerica class claimants who (a) received and cashed their settlement checks in the second distribution in September 2011 and (b) would receive $3.00 or more in this final distribution; and

(6) Approving a *cy pres* distribution of any residual funds remaining after the final distribution to the Authorized Claimants and payment of all fees and expenses approved by the Court to the following non-profit legal services organizations in equal amounts:

    (a) Bay Area Legal Services, Inc., Tampa, Florida

    (b) Legal Services of Southern Piedmont, Charlotte, North Carolina

    (c) MFY Legal Services, Inc., New York, New York.

**Memorandum of Legal Authority in Support of the Motion**

The purpose of this unopposed motion is to provide for final steps in the distribution of $186,872 in residual funds remaining from the original $26,335,350 million Settlement Fund distributed to Class Members to date in this consolidated class action ("the Action") and to provide for final termination of the Action and closing of the file. Pursuant to the order approving the Settlement this Court retained jurisdiction over matters arising from the execution of the Settlement Agreement and administration of the Settlement Fund. The background of the Action and the administration of the Settlement Fund that is the subject of this motion is set forth in the Affidavit of Arthur N. Abbey in Support of Motion to Reopen Case, etc. ("Abbey Affidavit") submitted herewith.

### 1. Final Distribution to the Class and Cy Pres Distributions

Lead Counsel for the Class submits that a final distribution to the Class and *cy pres* distribution of any residual funds that remain unclaimed after initial distributions to Class Members is appropriate at this time and is within the equitable powers of the court. *In re Checking Account Overdraft Litig.*, 830 F.Supp.1330, 1354 (S.D. Fla. 2011); *In re Motorsports Merchandise Antitrust Litig.*, 160 F.Supp.2d 1392,1393 (N.D. Ga. 2001). Although the amount remaining in the Settlement Fund after two prior distributions represents less than one percent of the initial Fund, evolving law with respect to residual funds favors distribution to class members prior to any *cy pres* distribution, so long as class members have not received "full" compensation, are reasonably identifiable and the cost of distribution is not so great as to make such distribution impractical. *See, e.g. Nelson v Mead Johnson & Johnson Co.*, 484 F. App'x 429, 435 (11th Cir. 2012); In this case, the Settlement, although substantial, was not so great as to permit full compensation to Class Members for their losses resulting from the alleged misconduct. The proposed distribution of the remaining Settlement Fund, less any attorneys' fees

3

and claims administrator's fees and expenses approved by the Court, will be made to those Class Members who would receive a *pro rata* amount of $3 or more and who cashed distribution checks in the second distribution in 2009. As such, the proposed final distribution to such Class Members is feasible and practical.

The proposed *cy pres* distribution to three legal services organizations of any remaining settlement funds is also appropriate and does not raise any of the issues that have attracted adverse comment concerning *cy pres* awards in some cases. The amount of any *cy pres* distribution here will be a very small part-- much less than one percent-- of the total Settlement Fund; all reasonable effort to distribute funds to Class members who suffered direct injury due to the alleged misconduct have been or will have been made; and the proposed *cy pres* recipients are engaged at least in providing in significant part legal services that that are reasonably related to the fraud and deception upon individual consumers (in this case, bank customers) alleged in this Action. *In re Checking Account Overdraft Litig.* at 1354, ("The cy pres doctrine permits courts to distribute unclaimed settlement amounts to worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit.").

Bay Area Legal Services, Inc. of Tampa, Florida provides a wide variety of civil free legal services, including consumer and foreclosure legal services, to eligible clients with limited income and assets residing in Hillsborough, Manatee, Pasco, Pinellas and Sarasota Counties. Legal Services of Southern Piedmont, in Charlotte, North Carolina, provides a wide range of civil legal assistance, including services related to consumer protection, to eligible low-income persons in the Charlotte metropolitan area and western North Carolina, using legal advocacy strategies including, *inter alia*, advice and representation, collaboration with other agencies and legislative and administrative advocacy. MFY Legal Services of New York, New York, likewise

provides legal services on a non-profit basis to individuals residing in New York City who otherwise cannot afford an attorney, including impact litigation, law reform and policy advocacy. These areas of service include, among many others, consumer protection and bank foreclosure representation and advocacy. Each of these organizations is a secular, non-profit entity. A *cy pres* distribution of any residual Settlement amount remaining after other final distributions ordered by the Court should be and may appropriately be made in equal parts to these legal services organizations.

## 2. Payments to the Claims Administrator and Lead Counsel

This motion additionally request that the Court approve payment to the Claims Administrator, Garden City Group, in the amount of $9,028.30, representing the fees and expenses in connection with the final distribution and winding down of the Settlement Fund. This amount would be paid from the Settlement Fund prior to the final distribution to Class Members. Lead Counsel submit that this payment is reasonable, for the reasons set forth in the Affidavit of Stephen J. Cirami Concerning Remaining Balance of Settlement Fund ("Cirami Affidavit"), at ¶7, and the Abbey Affidavit at ¶8. Finally, Lead Counsel requests approval of fees and expenses in the amount of $35,000, also to be paid from the Settlement Fund, for post-settlement services provided to the Class by Abbey Spanier over the period since the approval of the Settlement. See the Abbey Affidavit, ¶7. Where counsel for the class has assisted in the administration, monitoring and multiple distributions of a very substantial settlement fund to a large body of individual claimants, and protected the rights of Class Members, we respectfully submit that the Court may approve the award of the requested amount in addition to the fees and reimbursement of expenses initially awarded. *See, Powell v. Georgia Pacific Corp.*, 119 F. 3d 703,707 (8th Cir. 1997) (equitable title to reasonable fees for time spent by attorneys carrying out

5

the terms and intent of a consent decree in a class action notwithstanding consent decree limited fees to a period no longer than 90 days after an initial distribution of funds); *Goodman v. Heublein, Inc.*, 682 F.2d 44, 48 (2d Cir.1982) (district judge may award supplemental fees to compensate counsel fully for time expended in a case after the date covered by a prior fee application and award, for matters arising after the settlement of claims but not included in the prior fee award); *In re Nortel Networks Corp. Securities Litig.*, No. 01 Civ.1855(RMB), 2010 WL 3431152 (S.D.N.Y. Aug. 20, 2010) (supplemental fee and expense request granted in part for unanticipated post-settlement work including additional rounds of distributions to class members.)

### 3. Conclusion

For the reasons set forth herein and in the Abbey and Cirami Affidavits submitted herewith, plaintiffs respectfully request that the Court grant the motion and approve (a) the payment from the residual Settlement Fund of $35,000 for attorneys' fees and expenses requested, (b) the payment of $9,028.30 to Garden City Group for its fees and expenses in executing a final distribution and winding down of the Settlement Fund, (c) a third and final distribution of the net residual Settlement Fund to Class Members as requested, (d) the *cy pres* distribution of any funds remaining in the Settlement Fund after completion of final distribution to Class Members to the three designated legal services organizations and (e) termination of the Action upon completion of the final distributions.

Pursuant to Local Rule 3.01(g), the undersigned certify that counsel for the Defendants has been consulted and that Defendants do not oppose any of the relief requested herein.

May 30, 2014

                Respectfully submitted,

                ABBEY SPANIER, LLP

By: _____
                Arthur N. Abbey
                Stephen T. Rodd
                Nancy Kaboolian

212 East 39th Street
New York, NY 10016

Tel: (212) 889 3700
Fax: (212) 684 5191

Lead Counsel for the Class

and

BARKER & COOK, P.A

By: _____
                Chris A. Barker (Bar #885568)
501 East Kennedy Boulevard
Suite 790
Tampa, FL 33602

Tel: (813) 489 1001
Fax: (813) 489 1008

Counsel for the Class

7